Reynolds v. Keilholtz.

*F. B. Gerber*, for plaintiff; *Allen C. Wiest*, for defendant.

STOCK, J., Dec. 5, 1927.—Plaintiff filed a reply preliminarily objecting to defendant's answer on the ground that, under the facts averred in the bill and admitted in the answer and under the facts averred as new matter in the answer, plaintiff is entitled to the decree prayed for.

Plaintiff seeks by his bill to compel defendant to furnish him heat and hot water in a second-floor apartment. A statement of the facts averred in the bill is found in a former opinion (Reynolds *v.* Keilholtz, 41 York Leg. Record, 97). In this opinion, this court ruled that plaintiff was entitled, on the facts set forth in the bill, to the relief sought.

Defendant filed her answer admitting all the material facts averred in the bill, denying, however, the assertions of legal rights and duties which arose from the admitted facts and which have heretofore been decided adversely to her. She then sets up in her answer, as new matter, the following facts:

Defendant, on Nov. 17, 1918, became vested in an undivided one-half interest in the house and lot of ground containing the apartment which is in dispute. On March 27, 1920, defendant conveyed her undivided one-half interest therein to Anna B. Hildebrand, her mother, who was seized of the other one-half interest or estate. These facts were known to plaintiff before he executed the agreement with Anna B. Hildebrand.

At the time of executing this agreement, it was the intention of Anna B. Hildebrand to rent to her daughter and husband the first-floor apartment, after the conversion of the house into apartments, at a rental of $30 per month, with the provision that the mother, as owner, should furnish the heat and hot water to that apartment. On or about March 27, 1920, before the work of remodeling was begun, this intention was converted into a verbal agreement joined in by all parties. It was the further intention of the owner to occupy, after her marriage, the second-floor apartment with her husband, the plaintiff, and to heat the two apartments with one heating plant to be installed in the cellar of the building, to be operated and fired by the owner

and her husband, and to supply hot water to said two apartments from one plant to be installed by plaintiff in the cellar of the building.

After the marriage of the plaintiff and Anna B. Hildebrand, these parties boarded with the daughter and her husband from March 27, 1926, until the death of Anna B. Hildebrand, on Sept. 6, 1926. After her death, plaintiff continued to board with the defendant and her husband. The work of remodeling was begun in April, 1926, and was not fully completed until October or November, 1926, when the heating equipment was installed. The work of remodeling was under the exclusive control of plaintiff, as was provided in the written agreement. The building as remodeled is so constructed that the halls of the two apartments are used in common by the tenants of the two apartments, and, also, to gain access to the third floor as well as to gain access to the rooms in the same apartment situated on opposite sides of the hall. The stairway to the cellar is situated within the first-floor apartment, so that access to it can only be gained by passing through a room of the first-floor apartment. The stairway was not changed on account of expense, but the consent of the daughter was first obtained by the mother and her husband to use the first-floor apartment in passing through to the cellar.

Defendant admits that plaintiff installed the pipes to carry hot water from the cellar to the two apartments, but she alleges that he failed to provide any means for heating the water and avers that she supplied a gas heater and also installed coils in the boiler of the heating plant for that purpose. She, however, does not set this up as a default on the part of plaintiff to perform his agreement to convert the dwelling-house into two apartments, but admits, in paragraph 5, that plaintiff has fully performed his obligation in that regard. By this means plaintiff was supplied with hot water until Feb. 12, 1927, when it was shut off by defendant.

Defendant further avers that, prior to Feb. 12, 1927, plaintiff has had free and uninterrupted access to the heating plant and to the hot-water heaters for the purpose of supplying fuel for the same and operating the same in such manner as he sees fit. It appears from these facts that the intention of Anna B. Hildebrand, who was sole owner of the dwelling-house at the time it was remodeled, was to convert the dwelling-house into a duplex apartment-house and to furnish both apartments with heat and hot water from a single heating plant or plants, control over which was retained by her.

Emma H. Keilholtz, the defendant, is now the sole owner of this apartment-house. The intention of the former owner, and the former owner's method of leasing and furnishing heat and hot water to her tenants, furnishes the means to measure the rights and duties of the present owner and tenant. Plaintiff's tenancy of the second-floor apartment was created by agreement between him and Anna B. Hildebrand, to take effect upon the death of Anna B. Hildebrand. The devise to Emma H. Keilholtz was made subject to the rights of the plaintiff.

The present owner cannot shift her responsibility to furnish heat and hot water to Reynolds by voluntarily offering him access to the heating plant and the hot-water heaters for the purpose of operating them, and particularly is this so under the circumstances that he cannot furnish such heat and hot water separately to himself, but at the same time will furnish it to the first-floor apartment. No inference can be raised against Reynolds by reason of the alleged inadequacy of the rent he is obligated to pay. He expended the sum of $2853.51 in the work of remodeling the property of another. Surely this alone is sufficient consideration for the present agreement.

The facts set up as new matter, admitted to be true for the purpose of passing on these exceptions, do not disclose a defense to the bill. On the contrary, the agreement between Anna B. Hildebrand and the defendant, providing for the lease of the first-floor apartment with the provision that landlord furnish the heat and hot water, shows clearly the intention of all parties that these apartments were to be heated and furnished with hot water by the owner, and when afterwards the tenant of the first-floor apartment became the owner and the surviving husband of the owner became the tenant of the second-floor apartment, the same duties remain on the landlord to furnish heat and hot water and will be implied in the lease: Reynolds *v.* Keilholtz, *supra.*

Since the facts in the bill are all admitted in the answer and the facts set forth as new matter in the answer do not constitute a defense to the bill, plaintiff is entitled to a decree *pro confesso.* This is the practice as established by Equity Rules 48 and 55: Putnam *v.* Goehring et ux., 73 Pitts. L. J. 915; Colonial Trust Co. *v.* Harmon Creek Coal Co., 74 Pitts. L. J. 473.

And now, to wit, Dec. 5, 1927, the preliminary objections to defendant's answer are sustained, and a decree *pro confesso* is hereby directed to be entered.

From Richard E. Cochran, York, Pa.